# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| JEAN PAETZOLD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-02883-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WALGREEN CO. and MICHAEL A. JOHNSON, *individually and as an Employee / Agent of Walgreen Co.*, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on Jean Paetzold's ("Paetzold") motion to remand, ECF No. 7. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This action arises out of an incident occurring on or near the premises of the Walgreens store in Ladson, South Carolina.[1] ECF No. 7-2 ¶ 1. As Paetzold was turning from the sidewalk into the Walgreens parking lot on her electric scooter, she was hit by the car of a Walgreens patron exiting the parking lot. Id. ¶ 1–2. Paetzold alleges that she was hit because the driver could not see the stop sign on the premises, as the sign was nearly totally obscured by overgrown shrubbery. Id. ¶ 1. Paetzold also contends that this overgrown shrubbery prevented the driver from seeing her approaching scooter. Id.

Defendant Michael A. Johnson ("Johnson") holds the title of "store manager" at the Walgreens store in issue. ECF No. 8 at 2. His affidavit claims that he does not have a substantial level of control over the business of Walgreen, Co. ("Walgreen"), and that

---

[1] While the individual stores are called Walgreens stores, the company that owns the stores—and the defendant here—is Walgreen Co.

1

he is not involved in decisions regarding the aesthetics or scope of maintenance of the premises. ECF No. 8-1. Paetzold alleges that defendants Walgreen and Johnson (collectively, "defendants") failed to maintain a safe premises, thereby proximately causing her injuries. ECF No. 7-2 ¶¶ 16–28. Paetzold originally filed this action on August 29, 2017 in the Dorchester County Court of Common Pleas. ECF No. 1-2. Defendants removed the case on October 25, 2017, on the grounds that Johnson is a "sham defendant" that was "fraudulently joined" for the purpose of destroying diversity jurisdiction. ECF No. 1-1 ¶¶ 4–6. Paetzold filed the motion to remand on November 24, 2017, ECF No. 7, to which Walgreen responded on December 8, 2017, ECF No. 8, and Paetzold replied on December 15, 2017, ECF No. 14. Defendants filed a supplemental response on December 28, 2017, ECF No. 15, and Paetzold filed a sur reply on January 4, 2018, ECF No. 16. The court held a hearing on the motion on January 31, 2018. ECF No. 18. The motion has been fully briefed and is ripe for review.

## II. STANDARD

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). In deciding the motion, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted).

### III. DISCUSSION

This case is before the court under diversity jurisdiction. Because the parties do not disagree on whether the amount in controversy exceeds $75,000, the only issue before the court is whether there is complete diversity between the parties to sustain the court's diversity jurisdiction. A civil case that is otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2). Paetzold is a citizen of South Carolina. The complaint alleges that Johnson is a citizen and resident of Dorchester County, South Carolina. ECF No. 7-2 ¶ 6. Defendants argue that Paetzold fraudulently joined Johnson as a defendant in order to defeat diversity jurisdiction. ECF No. 7 at 1.

To establish fraudulent joinder of a nondiverse defendant, a party must show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. (quoting Marshall, 6 F.3d at 232–33). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted). When determining whether attempted joinder is fraudulent, the court is "not bound by the allegations of the

pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" Mayes, 198 F.3d at 464 (quoting AIDS Counseling, 903 F.2d at 1004) (internal citation and quotation omitted).

Defendants do not make any claims of "outright fraud" committed by Paetzold. Thus, the key issue before the court is whether there is any possibility that Paetzold could establish a cause of action against Johnson in state court. The court finds that such a possibility exists, and thus remands the matter to state court, allowing Paetzold to proceed against both defendants.

**A. The Existence of a Duty Regarding the Shrubbery and Stop Sign**

Defendants first argue that Paetzold has no possible cause of action against Johnson, because neither Walgreen nor Johnson had a duty to either place a stop sign on the property or ensure the visibility of the stop sign. ECF No. 8 at 5. They cite Underwood v. Coponen, 625 S.E.2d 236, 237 (S.C. Ct. App. 2006) to support their contention that South Carolina does not impose upon Walgreen Co. a duty to maintain its parking lot and bushes in a safe manner. ECF No. 15 at 2. In Underwood, the plaintiff was driving in a neighborhood when defendant Laurine Coponen ("Coponen") drover her car past a stop sign without stopping and collided with the plaintiff's car. Underwood, 625 S.E.2d at 237. Coponen claimed she did not see the stop sign because the sign was blocked by a tree located on the adjacent property, owned by Ansel Taylor ("Taylor"). Taylor's wife testified that he periodically trimmed the tree so that it would not obscure the stop sign. The Underwood court found that "Taylor's occasional trimming of his tree did not create a duty for which he can be held liable." Id. at 239. This court interprets Underwood as providing the following narrow rule: in South Carolina, a private

4

landowner is not responsible for maintaining the trees on his private property so that they do not obstruct traffic signs erected <u>by the city</u> for public roadways.

The key difference between <u>Underwood</u> and the instant action is that Walgreen erected a stop sign on its private property for use by its patrons, as compared to the city in <u>Underwood</u> erecting a stop sign for use by the public on public roads. The court in <u>Underwood</u> did not want to force upon any citizen who occasionally trims branches covering public traffic signs a duty to continue to do so, because the court recognized that such a policy would discourage citizens from ever engaging in this helpful conduct. <u>Id.</u> n.3. That public policy concern is not an issue here. To demonstrate that Johnson was fraudulently added, defendants must prove that there is "no possibility" that Paetzold has a viable cause of action against Johnson. They attempt to achieve this by relying on <u>Underwood</u> to claim that Walgreen had no duty to maintain its shrubbery around the stop sign. However, <u>Underwood</u> does not definitively foreclose the <u>possibility</u> that a South Carolina court could recognize that a duty existed here.

Additionally, Paetzold's multiple allegations against Walgreen go beyond the mere traffic sign issue. Paetzold alleges that the defendants breached their duty to maintain the foliage on its property in a manner that: (1) does not obstruct the view of traffic signs that it elected to place on its own property, and (2) does not prevent drivers from being able to fully see oncoming traffic and pedestrians. <u>Underwood</u> does not foreclose Paetzold's second allegation—that defendants were negligent in failing to ensure that the foliage on its property did not obscure drivers exiting Walgreens from seeing pedestrians and vehicles approaching the property. That allegation is distinct from

5

Underwood and the traffic sign issue. Thus, the court finds that defendants have failed to prove that there is no possibility of a cause of action in this instance.

**B. Possible Cause of Action Directly Against Johnson**

Next, defendants argue that Paetzold could not bring a cause of action against Johnson in particular, because he is lower management and did not exercise sufficient control over the premises to warrant a liability action against him. ECF No. 8 at 4–5. As an initial matter, South Carolina law recognizes that tortfeasors may be subject to joint and several liability when "an injury is the proximate result of separate and independent acts of negligence of two or more parties." Cook v. Lowe's Home Centers, Inc., 2006 WL 3098773, at *3 (D.S.C. Oct. 30, 2006) (citing Rouck v. Selvey, 164 S.E.2d 909, 910 (S.C. 1968)). In that regard, Paetzold is entitled to sue multiple defendants who may be jointly responsible for the same injury.

"In South Carolina, a party who operates a premises but is neither an owner nor a lessee may also have a duty of reasonable care with respect to an allegedly dangerous condition." Benjamin v. Wal-Mart Stores, Inc., 413 F. Supp. 2d 652, 656 (D.S.C. 2006) (citing Dunbar v. Charleston & W.C. Ry. Co., 44 S.E.2d 314, 317 (S.C. 1947)). This district has found that potential liability hinges on how much "control" a party had over the premises, not simply whether they own it. Id. "In considering whether an individual has exercised such control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property." Id., citing CJS Negligence § 388.

"The South Carolina Supreme Court has never directly held what level of control a department manager or an employee must exercise to be personally liable, in addition to the store owner, for injuries that a customer sustains while in the store." Benjamin, 413 F. Supp. 2d at 656. However, several recent District of South Carolina Cases have addressed this very issue of remand. For example, in Mobley v. Wal-Mart Stores, Inc., 2010 WL 503101 (D.S.C. Feb. 8, 2010), which closely resembles the facts of this case, the court granted a motion to remand based on a finding that the nondiverse defendant was not fraudulently added. Plaintiff Maureen Mobley ("Mobley") tripped on uneven pavement in a Wal-Mart parking lot. She subsequently sued Wal-Mart and Nicole Rana ("Rana"), the manager of the Wal-Mart store, claiming that their negligence in failing to inspect and maintain the premises, or to warn customers of the hazards of the parking lot, caused her injuries. Rana was not the manager of a particular department within the store, nor was she a lower-level employee. The court found that, "'by virtue of [her] position,' Rana had a 'high level of control over the store.'" Mobley, 2010 WL 503101 at *5 (quoting Cook, 2006 WL 3098773, at *4). Rana's affidavit stated that she lacked the authority to make repairs in the parking lot, but the court found that this left open the possibility that she had the authority to search for and discover, or warn customers against, defects in the Wal-Mart parking lot.

Similarly, as the store manager, Johnson exercised a higher level of control over the premises than a department manager or regular employee.[2] Johnson's affidavit, like

---

[2] At the hearing on this matter, defendants argued that Walgreens store managers are not responsible for maintaining the parking lot and grounds. Rather, they contend that Walgreen hires independent contractors for this purpose. None of this is in the record before the court, and thus the court declines to rely on these statements in assessing Johnson's level of "control" over the parking lot. The court instead relies on

Rana's, states that he does not control the Walgreens premises or make decisions about its maintenance, but it fails to assert that he has no authority or responsibility to search for, and warn customers against, defects in the parking lot. ECF No. 8-1. While the state court might ultimately find that Johnson owed no duty to Paetzold, the question at this stage is whether it is <u>possible</u> that Paetzold could have a cause of action against Johnson. Based on <u>Mobley</u> and <u>Cook</u>, the court finds that this is possible and that Johnson was not added as a sham defendant. Because Johnson's presence as a defendant defeats complete diversity, the court grants Paeztold's motion to remand.

## IV. CONCLUSION

Based on the above, the court **GRANTS** Patezold's motion to remand.

**AND IT IS SO ORDERED.**

                                                                          *[signature]*
                                       **DAVID C. NORTON**
                                       **UNITED STATES DISTRICT JUDGE**

**February 6, 2018**
**Charleston, South Carolina**

---

what has been submitted through the party's filings—namely that Johnson is a store manager, and thus most closely resembles the store manager in <u>Mobley</u>.